### R. B. MACLEA CO. v. UNITED STATES.

(Circuit Court, S. D. New York. February 15, 1909.)

No. 4,950.

CUSTOMS DUTIES (§ 32*) — CLASSIFICATION — FIGURED COTTON CLOTH — "THREADS."

In Tariff Act July 24, 1897, c. 11, § 1, Schedule I, par. 313, 30 Stat. 178 (U. S. Comp. St. 1901, p. 1659), relating to "cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form figure," the term "threads" is used in a sense that includes the remnants of threads so introduced, which have been clipped off where they appear at intervals on the back of the fabric.

[Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 32.*

For other definitions, see Words and Phrases, vol. 8, p. 6963.]

On Application for Review of a Decision by the Board of United States General Appraisers.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. The board's opinion, reported as G. A. 6,592 (T. D. 28,173), reads as follows:

DE VRIES, General Appraiser. The merchandise consists of cotton cloth. It was assessed for duty under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule I, pars. 304–309, 30 Stat. 172, 173 (U. S. Comp. St. 1901, pp. 1656–1658), at the countable rates, and in addition thereto at 2 cents per square yard under paragraph 313 of said act (30 Stat. 178 [U. S. Comp. St. 1901, p. 1659]).

Paragraphs 304 to 309 are the well-known provisions of the cotton schedule, providing duties upon cotton cloth according to weight, count of threads, value, etc. Paragraph 313 reads: "Cotton cloth in which other than the ordinary warp and filling threads have been introduced in the process of weaving to form a figure, whether known as lappets or otherwise, and whether unbleached, bleached, dyed, colored, stained, painted, or printed, shall pay, in addition to the duty herein provided for other cotton cloth of the same description, or condition, weight, and count of threads to the square inch, one cent per square yard if valued at not more than seven cents per square yard, and two cents per square yard if valued at more than seven cents per square yard."

The merchandise consists of ordinary cotton cloth, into which other than the ordinary warp and weft threads are introduced for the purpose of forming a figure. These extra threads have been clipped off on the back at interval spaces where they are not interwoven. The sole contention of the importers is that the substance used to form the figures is not "threads," and therefore the extra 2 cents per square yard duty does not attach. In a brief filed in the case, as well as in the oral contentions at the hearing, it is asserted that the substances herein are filaments or yarns, which do not arrive at the dignity of threads, and therefore not included within the term "threads" as used in paragraph 313.

An examination of all the provisions of the cotton schedule fails to disclose wherein the word "threads" as used in paragraph 313 in any wise differs from the word "threads" as used in the other provisions of that schedule. In all the provisions therein, when speaking of the component factors of cotton

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

cloth, the word "threads" is used. Manifestly it is used interchangeably with and to include yarns and other filaments of textile fiber employed in the manufacture of cotton goods. From an examination of the merchandise in question it appears to us that there is no substantial difference between the filaments or threads which are used to form the figures and those which are used to form the body of the fabric. We are of the opinion that, whatever the character of the yarn or "threads" used to form the figures in the cloth, they would be within the purview of paragraph 313. The fact that, after having been thrown in, by whatever process, to form a figure, the underside has been at intervals clipped off, does not change the character of the material used, though this is the contention of the importers. Suffice it to say, in complete answer to this contention, that the fabric, at a stage when completely woven, has not the backs trimmed, and therefore the goods, on the very contention of the importers, at that stage would contain other than the ordinary warp and filling threads introduced for the purpose of forming a figure. We are unable to discover any merit in this contention. The fabric must be woven before it can be clipped, and this clipping would not destroy the character of any of the clipped components.

The same character of goods was before the Circuit Court of Appeals for the Second Circuit in the cases of Mills et al. v. U. S., 114 Fed. 257, 52 C. C. A. 92, and Claflin v. U. S., 114 Fed. 259, 52 C. C. A. 94; the court holding the same dutiable under paragraph 313.

The protest is overruled, and the decision of the collector affirmed.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.
J. Osgood Nichols, Asst. U. S. Atty.

HOLT, District Judge. Affirmed, on decision of board, with which I entirely concur.